# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSE WILSON, | ) | |
| | ) | |
| Petitioner, | ) | 8:19CV425 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD JOHNSON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This matter is before me on initial review of Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] For the reasons discussed below, and particularly since Petitioner attempts to take a second bite of the apple, I will dismiss the petition without prejudice.

    This is Wilson's second shot at attacking his pretrial confinement. Wilson is a confined state pretrial detainee facing prosecution in the Lancaster County District Court on various felony charges including murder. I denied him relief in *Wilson v. Johnson*, 8: 19CV85 (D. Neb., March 26, 2019) under section 2241 and the Court of Appeals refused to grant him a certificate of appealability.

    At roughly the same time as when he filed the first federal case, he filed a state habeas corpus petition attacking his confinement in the state criminal case. That petition was denied on October 1, 2019. The criminal case is set for trial. I take

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

judicial notice of the state court records related to the criminal case styled *State v. Wilson*, No. CR19-0000066, District Court of Lancaster County, Nebraska (Judge John Colborn) and the state habeas case styled *Wilson v. Johnson*, CI 19-0002354, District Court of Lancaster County, Nebraska (Judge Lori A. Maret). *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). These records are publicly available through the *Nebraska Courts Case Search* website.

Condensed and summarized, Wilson claims that the judge who denied his state habeas corpus action acted unfairly and despite the fact that Wilson had filed a grievance against her with the state judicial disciplinary authorities. I note, however, that the judge gave him a hearing on the disqualification issue and continued the merits hearing, at Petitioner's request, since he expressed a desire to hire his own counsel. In the end, Petitioner did not hire counsel, and after the continued merits hearing was held, Petitioner was denied relief. I assume, without deciding, that section 2241 might be read to extend to the denial of state habeas corpus relief to a pretrial detainee where, as here, the Respondent is the person having custody of Petitioner.

As I have said before: "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary

circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Petitioner is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. *In particular, he has not appealed the denial of his state habeas action.* Specifically, and furthermore, I find that Petitioner's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g., Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion).

As indicated earlier, I have previously denied Wilson relief. This action is merely an attempt to avoid my earlier decision. Therefore, because it "plainly appears from the petition . . . that [Wilson] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1.      The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.      I will enter judgment by separate document.

DATED this 10th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge